UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STAN OHM, | : | Case No. 2:24-cv-1954 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| RANDY H. DUPREE, et al., | : | |
| Defendants. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Stan Ohm, an Ohio resident who is proceeding *pro se* brings this action against Randy H. Dupree, Christopher J. Regan, and Brett McRoberts. (*See* Doc. 1). This matter is before the Undersigned on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1), his Motion to Appoint Counsel (Doc. 2), and an initial screen of his Complaint (Doc. 1-1). Plaintiff's request to proceed *in forma pauperis* is **GRANTED** (Doc. 1). All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a).

Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED**, with the exception that Plaintiff's malicious prosecution, abuse of process, and negligence claims against Defendant McRoberts **may PROCEED**. Additionally, Plaintiff's Motion to Appoint Counsel is **DENIED without prejudice** (Doc. 2).

**I.    STANDARD**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. DISCUSSION

Plaintiff brings this action in connection with being charged with failure to provide notice of change of address in the Jackson County, Ohio Court of Common Pleas. Plaintiff names as Defendants Jackson County Prosecutor Randy H. Dupree, Judge Christopher J. Regan, and Bailiff Brett McRoberts. (Doc. 1-1 at 1). Plaintiff claims that he was improperly charged and subjected to malicious prosecution, abuse of process, and other alleged civil rights violations. (*See id.* at 4).

Plaintiff was indicted on the charge of failure to register—later changed to failure to report—based on his alleged failure to comply with his reporting requirements in March of 2021. (*Id.* at 2). Plaintiff claims that Defendant Brett McRoberts served as his parole officer at the time and informed him "where to register and where not to register, with explicit warnings that failure to comply would result in charges under the Ohio Revised Code." (*Id.*). According to Plaintiff,

3

McRoberts incorrectly advised Plaintiff that he did not need to register in Jackson County. (*Id.*). Despite Plaintiff's claim that he diligently followed McRoberts' directives and that he never actually resided in Jackson County, Plaintiff was indicted and charged with failure to register on June 29, 2021. Plaintiff asserts that text messages, call recordings, and emails demonstrate his compliance with his registration requirements and contradicts the allegations underlying the charges brought against him. (*Id.*). In support of this allegation, Plaintiff claims that he was assured by Captain Davis of the Scioto County Sheriff's Department that he was well within his registration requirements in May 2021, two months after the alleged offense. (*Id.*).

Review of the Jackson County Clerk of Court online docket records indicates that Plaintiff's state-court criminal case was dismissed without prejudice on April 25, 2024.[1]

With respect to the state-court proceedings, the Complaint also includes allegations against his attorney, the county prosecutor, and judge. Plaintiff claims his attorney, Edward Williams, who is not named as a Defendant to this action, failed to adequately represent him, by failing to file documents or present evidence in the state courts. (*Id.* at 2–3). Plaintiff seeks to hold County Prosecutor Defendant Randy Dupree liable for initiating charges against him. (*Id.* at 3). Finally, Plaintiff seeks to hold Defendant Judge Christopher J. Regan, liable for allegedly failing to accept evidence, consider Plaintiff's motions, and displaying "inappropriate behavior" towards Plaintiff during the state-court proceedings. (*Id.* at 3–4).

Based on the above factual allegations and without elaboration, Plaintiff lists the following legal claims in the Complaint:

> Violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Malicious Prosecution. Abuse of Process. Negligence or Legal

---

[1] Viewed at https://eservices.jacksonohcountycourts.org/eservices under Case No. 21CR109. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

>Malpractice. Ineffective Assistance of Counsel. Denial of Due Process. Selective Prosecution. Violation of Right to Present a Defense. Violation of Sixth Amendment Right to Counsel.

(*Id.* at 4). The Court understands Plaintiff to bring claims of malicious prosecution under the Fourth Amendment and state-law claims of negligence[2] and abuse of process against Defendant McRoberts; claims of malicious prosecution and selective prosecution against Defendant Prosecutor Dupree; and alleged due process violations against Defendant Judge Regan. Although Plaintiff's state-court defense attorney Edward Williams is not named as a Defendant to this action (*see id.* at 1), Plaintiff also appears to allege that Williams rendered ineffective assistance of counsel and violated his right to present a defense and right to counsel. As discussed below, the Complaint includes insufficient factual allegations to set forth plausible claims under the Fifth and Eighth Amendments. As relief, Plaintiff seeks monetary damages and injunctive relief. (*Id.* at 4–5).

At this early stage in the proceedings, without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's malicious prosecution claim against Defendant McRoberts in his individual capacity may **PROCEED** for further development. *See generally King v. Harwood*, 852 F.3d 568, 582-83 (6th Cir. 2017) ("Individuals have a clearly established Fourth Amendment right to be free from malicious prosecution."); *Lester v. Roberts*, 986 F.3d 599, 606 (6th Cir. 2021) ("Today, a malicious prosecution claim requires proof that: (1) the defendant made, influenced, or participated in the decision to prosecute; (2) the government lacked probable

---

[2] Plaintiff's listed legal claims includes "Negligence or Legal Malpractice" and Plaintiff alleges that McRoberts engaged in the unauthorized practice of law in the body of the Complaint. (*See* Doc. 1-1 at 2–4). However, Plaintiff may not hold Defendant McRoberts, a non-lawyer, liable for malpractice. *See Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Wuerth*, 540 F.Supp.2d 900, 913 (S.D. Ohio 2007) (noting that "it is well-settled that the first, and indispensable, element of a direct claim for legal malpractice is the existence of an attorney-client relationship" in finding that a direct claim for legal malpractice "cannot be asserted against a non-attorney"). *See also Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 171 (3rd Cir. 2018) ("Only attorneys may be sued for legal malpractice"). Accordingly, the Court construes the Complaint as raising a negligence claim based on Plaintiff's claim that McRoberts failed to properly advise him regarding his registration requirements.

cause; (3) the proceeding caused the plaintiff to suffer a deprivation of liberty; and (4) the prosecution ended in the plaintiff's favor.") (cleaned up). Plaintiff may also proceed with his state-law negligence and abuse of process claims against McRoberts at this juncture. The Undersigned expresses no opinion at this time on the merits of Plaintiff's claims, or whether there may be defenses to it or procedural bars that will prevent Plaintiff from ultimately obtaining relief. However, Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B).

Additionally, although Plaintiff lists violations of the Fifth and Eighth Amendments as legal claims included in the Complaint, Plaintiff includes no factual allegations to plausibly suggest that any named Defendant violated his Fifth or Eighth Amendment rights. In order to avoid dismissal under 28 U.S.C. § 1915(e)(2)(B), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," which requires that "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 570) (internal quotation marks omitted). Plaintiff here merely lists the Fifth and Eighth Amendments as "legal claims" against Defendants without any supporting factual allegations in the Complaint. (*See* Doc. 1-1 at 4). Such "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has pled insufficient factual content to state a claim for relief under the Fifth or Eighth Amendments.[3] *See Twombly,* 550 U.S. at 5. *See, e.g.*, *Miller v. Ohio Dep't. Rehab. & Corr.*, Case No. 1:20-cv-597, 2020 WL 5369059, at *2 (S.D. Ohio Aug. 5, 2020) ("Without any allegations of wrongdoing on the part of the named defendants the

---

[3] In any event, Plaintiff's Fifth Amendment claims must also be dismissed because the Fifth Amendment's Due Process clause circumscribes only the actions of the federal government. *Scott v. Clay Cnty., Tennessee,* 205 F.3d 867, 873 n. 8 (6th Cir. 2000). Because Plaintiff has failed to make any allegation that the federal government deprived him of his constitutional rights, Plaintiff's Fifth Amendment claims must be dismissed.

complaint is subject to dismissal.") (Report & Recommendation), *adopted*, 2020 WL 5230886 (S.D. Ohio Sept. 2, 2020).

The Complaint must be dismissed as to Defendant Judge Christopher J. Regan because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's Complaint alleges no facts to plausibly suggest that Defendant Regan presided over a matter in which he was without subject matter jurisdiction or performed non-judicial acts.

Defendant Prosecutor Dupree is also immune from suit. Plaintiff seeks to hold this Defendant liable based on "his role in initiating legal actions against the Plaintiff." (Doc. 1 at PageID 6). However, "[p]rosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). Because Plaintiff seeks to hold the Defendant prosecutor liable based on conduct intimately associated with the judicial phase of the criminal process, Plaintiff's claims against Dupree are subject to dismissal.

7

Finally, the Complaint includes factual allegations against defense attorney Edward Williams, who is not named as a Defendant. (*See* Doc. 1-1 at 1). Because Williams is not a Defendant to this action, the Complaint fails to state a claim upon which relief may be granted with respect this individual. *See Chapple v. Franklin Cnty.*, No. 2:21-cv-5086, 2022 WL 856815, at *16 (S.D. Ohio Mar. 23, 2022) (Report and Recommendation), *adopted as modified sub nom. Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, 2022 WL 16734656 (S.D. Ohio Nov. 7, 2022) (citing *Shipp v. CoreCivic*, No. 16-2891, 2018 WL 4265259, at *5 (W.D. Tenn. Sept. 6, 2018)) (declining to analyze and recommending dismissal of allegations against non-parties).

Further, in order to maintain an action under § 1983, Plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived Plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As a lawyer representing a client, Williams was not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Thus, to the extent that Plaintiff may have intended to name Williams as a Defendant to this action his claims brought under § 1983 would be subject to dismissal.

### III.  MOTION TO APPOINT COUNSEL

With respect to Plaintiff's Motion to Appoint Counsel (Doc. 2), the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*,

992 F.2d 601, 604–05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, Plaintiff's Motion to Appoint Counsel (Doc. 2) is **DENIED without prejudice**.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's malicious prosecution, abuse of process, and negligence claims against Defendant McRoberts.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Appoint Counsel (Doc. 2) is **DENIED without prejudice.**

2. The United States Marshal shall serve a copy of the complaint, summons, and this Order and Report and Recommendation upon Defendant McRoberts as directed by Plaintiff, with costs of service to be advanced by the United States.

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to

Defendant or Defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: July 24, 2024                    /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE