UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| Stan Ohm, | : | Case No. 2:24-cv-1954 |
| Plaintiff, | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| Randy H. Dupree, *et al.*, | | |
| Defendants. | | |

**REPORT & RECOMMENDATION**

This matter before the Court is Plaintiff's failure to respond to a show cause order. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 3) be **DISMISSED** for failure to prosecute.

**I.   BACKGROUND**

Briefly, Plaintiff, who proceeds *pro se*, brings this action against various individuals employed by Jackson County, Ohio. (*See* Doc. 3 (complaint); *see* Doc. 4 at 3–8 (report and recommendation summarizing Plaintiff's claims). The Court dismissed Plaintiff's claims against Defendants Randy H. Dupree and Christopher J. Regan. (Doc. 8; *see also* Doc. 4). But the Court allowed his malicious prosecution, abuse of process, and negligence claims against Defendant McRoberts to proceed. (Doc. 8; *see also* Doc. 4). Defendant McRoberts has since filed an answer to Plaintiff's complaint. (Doc. 12).

Staff notes reflect that the July 24 Order and Report and Recommendation and the September 10 Order were mailed to Plaintiff at the address he provided in his Complaint. (Doc. 3). However, both mailings were returned after the postal service was unable to deliver them. (Doc. 6 (returned to sender and unable to forward) ("vacant"); Doc. 9 (returned to sender and

unable to forward) ("not deliverable as addressed")). The Court issued a Show Cause Order on October 4, ordering Plaintiff to show cause by October 25 why this action should not be dismissed for lack of prosecution and to provide an updated mailing address. That order was likewise returned. (Doc. 14 (returned to sender and unable to forward) ("not deliverable as addressed")). Now past the October 25 deadline, Plaintiff has not responded to the Show Cause Order or otherwise filed a motion for an extension of time to respond.

## II. DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly

2

dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. Plaintiff has not participated in this case since April 23, 2024, when he filed it. For example, though he was not required to, he did not file an objection to the Undersigned's report and recommendation dismissing parts of his complaint. He also failed to seek an entry of default judgment against Defendant McRoberts even though he had over a month to do so.[1] Additionally, Plaintiff has failed to provide the Court with an address to which the Court can send mail. (*See* Docs. 6, 9, 14). Lastly, Plaintiff failed to respond to the Court's show cause order, which also instructed him to provide an updated mailing address. (Doc. 13). Taken together, these facts demonstrate, to some extent, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)); *see Bundgard v. Smith*, No. 2:21-CV-756, 2021 WL 12241424, at *2 (S.D. Ohio Oct. 21, 2021) (noting the absence of communication over many months weighed in favor of dismissal), *report and recommendation adopted*, No. 2:21-CV-756, 2022 WL 22624589 (S.D. Ohio Feb. 7, 2022).

The second factor—the prejudice to Defendant—is neutral at best. "A defendant is prejudiced whenever she has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer*, 529 F.3d at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). The Court is unsure of the exact measures Defendant has taken in attempting to move this case forward. But because Plaintiff's address of record is not accurate, it is not difficult to imagine that Defendant has wasted or will waste time,

---

[1] Defendant McRoberts subsequently filed a Motion for Leave to File his answer out of time, which the Court granted. (Docs. 10, 11, 12).

3

money, and effort in pursuing Plaintiff's cooperation. At the very least, Defendant has spent resources to enter an appearance, file a motion, and compile an answer in a case that Plaintiff has seemingly abandoned.

The third and fourth factors weigh in favor of dismissal. The Court indicated its concern that this action had been abandoned and ordered Plaintiff to show cause why his case should not be dismissed for lack of prosecution. (Doc. 13). So, Plaintiff knew of the possibility of this outcome. Finally, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

### III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 3) be **DISMISSED** for failure to prosecute.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination

of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  October 31, 2024                             /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE